**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _____**

15 OZ FRESH & HEALTHY FOOD LLC,
individually and on behalf of all others
similarly situated,

          Plaintiff,

v.                                                                    **CLASS ACTION**

UNDERWRITERS AT LLOYD'S, LONDON
KNOWN AS SYNDICATES AML 2001,
WBC 5886, MMX 2010, and SKD 1897,                    **JURY TRIAL DEMANDED**

          Defendants.
_____/

**<u>CLASS ACTION COMPLAINT</u>**

Plaintiff 15 Oz Fresh and Healthy Food LLC ("Fresh & Healthy Food"), individually and

on behalf of all others similarly situated, files this class action against Underwriters at Lloyd's,

London known as Syndicates AML 2001, WBC 5886, MMX 2010, and SKD 1897 (collectively

"Defendants"), and in support states the following:

**INTRODUCTION**

1.      Plaintiff, 15 Oz Fresh & Healthy Food, is the operator of a restaurant, Lokum

Mediterranean Grill, located at 1629 Alton Road in Miami Beach, Florida.

2.      To protect the restaurant and the income from operation of the restaurant, Plaintiff

purchased a property insurance policy with policy number B1180D190825/11941SP (the

"Policy").

3.      The Policy was issued and underwritten by the Defendants.

4.  The Policy is a bilateral contract: Plaintiff agreed to pay monthly premiums to Defendants, in exchange for Defendants' promises of coverage for certain losses.

5.  Among other types of coverage, the Policy protects Plaintiff against a loss of business income due to a suspension of the restaurant's operations.  This type of coverage is often referred to as business interruption coverage.

6.  The Policy also provides "Extra Expense" coverage, under which Defendants promised to pay expenses incurred to minimize the suspension of business.  Additionally, the Policy provides "Civil Authority" coverage, under which Defendants promised to pay for loss of business income caused by the action of a civil authority prohibiting access to the restaurant.

7.  Plaintiff duly complied with its obligations under the Policy and paid the requisite premiums.

8.  Beginning in March 2020, Plaintiff was forced to suspend business operations at the restaurant, as a result of COVID-19.  Related actions of civil authorities also prohibited access to and occupancy of the restaurant.  This suspension, which is ongoing, has caused Plaintiff to suffer significant losses and incur significant expenses.

9.  Under the Policy, Defendants promised to cover these losses and expenses, and are obligated to pay for them.  But in blatant breach of their contractual obligations, Defendants have failed to pay for these losses and expenses.

10.  Upon information and belief, Defendants have failed to pay for similar losses and expenses by at least thousands of other insureds holding policies that are, in all material respects, identical.

## THE PARTIES

11.     Plaintiff, 15 Oz Fresh & Healthy Food LLC, is a Florida corporation organized to do business and doing business at 1629 Alton Road, Miami Beach, Florida 33139.

12.     Defendants Underwriters at Lloyd's, London known as Syndicates AML 2001, WBC 5886, MMX 2010, and SKD 1897 are insurance underwriters that participate in the insurance market known as Lloyd's of London.  At Lloyd's of London, insurance underwriters form syndicates to jointly price and underwrite risk.  These syndicates enter into insurance contracts on behalf of their members, and the members share the premiums, risk, and liability on these contracts.  Each Lloyd's syndicate is identified by its syndicate number.

13.     The Defendants are insurance underwriters who contracted—by and through the syndicates of which they are members—to insure Lokum Mediterranean Grill.  As indicated in Fresh & Healthy Food's Policy, the underwriters of the Policy include the members of the Lloyd's syndicates identified by the numbers AML 2001, WBC 5886, MMX 2010, SKD 1897.

14.     At all times material, Defendants engaged in substantial and not isolated activity on a continuous and systematic basis in the state of Florida, namely by issuing and selling insurance policies in Florida and by contracting to insure property located in Florida.

15.     Under the applicable law and in accordance with the Policy's Service of Suit Clause (U.S.A.), service of process on Defendants may be effectuated by serving Lloyd's America, Inc. at 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity between Defendants and at least one member of each class; there are more than one hundred members of each class; and the amount in controversy exceeds $5,000,000 exclusive of

interest and costs.  This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 and is authorized to grant declaratory relief under these statutes.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claims occurred within the Southern District of Florida, and a substantial part of property that is subject of the action is situated in this district.

18.     This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. § 48.193(1)(a) because Plaintiff's claims arise out of, among other things, Defendants conducting, engaging in, and/or carrying on business in Florida; Defendants breaching a contract in this state by failing to perform acts required by contract to be performed in this state; and Defendants contracting to insure property in Florida, including but not limited to the premises insured under the Policy.  Defendants also purposefully availed themselves of the opportunity of conducting activities in the state of Florida by marketing their insurance policies and services within the state, and intentionally developing relationships with brokers, agents, and customers within the state to insure property within the state, all of which resulted in the policy at issue in this action.

## FACTUAL BACKGROUND

### *The Policy*

19.     Plaintiff and Defendants entered into a property insurance contract, the Policy, which was issued and underwritten by Defendants.  The Policy has a policy period of February 7, 2020 to February 7, 2021.  The insured property under the Policy is 1629 Alton Road, in Miami Beach, Florida, the location of the Lokum Mediterranean Grill restaurant.[1]

---

[1]     The Policy is attached to this complaint as Exhibit "A."

20.     The Policy is an all-risk insurance policy.  In an all-risk insurance policy, all risks of loss are covered unless they are specifically excluded.

21.     Consistent with the all-risk nature of the Policy, Defendants specifically agreed to pay for all losses caused by "Covered Causes of Loss," defined as "direct physical loss" unless the loss is excluded under the Policy.

22.     One type of coverage provided by the Policy is for loss of business income, often called business interruption insurance.  This coverage is specifically provided for in a section of the Policy titled "Business Income (and Extra Expense) Coverage Form."

23.      Pursuant to this Form, Defendants promised to pay for "loss of Business Income" caused by a Covered Cause of Loss.  Specifically, Defendants promised to pay for the loss of Business Income sustained due to the necessary "suspension" of the insured's "operations" during the "period of restoration."

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration".

24.     Each of the operative terms of this coverage provision is defined as follows.

25.     Business Income means the net profit that the business would have earned absent the suspension of operations, plus any continuing normal operating expenses, including payroll.

> Business Income means the:
> **a.** Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and
> **b.** Continuing normal operating expenses incurred, including payroll.

26.     Suspension means, among other things, a slowdown or cessation of the insured's business activities.

> **6.** "Suspension" means:
>    **a.** The slowdown or cessation of your business activities; or
>    **b.** That a part or all of the described premises is rendered untenantable, if coverage for Business Income Including "Rental Value" or "Rental Value" applies.

27.    Period of Restoration means the period of time beginning 72 hours after physical loss or damage to the property and ending on the date when the property is repaired or the date when business is resumed at a new location, whichever is earlier.

> **3.** "Period of restoration" means the period of time that:
>    **a.** Begins:
>      **(1)** 72 hours after the time of direct physical loss or damage for Business Income Coverage; or
>      **(2)** Immediately after the time of direct physical loss or damage for Extra Expense Coverage;
>      caused by or resulting from any Covered Cause of Loss at the described premises; and
>    **b.** Ends on the earlier of:
>      **(1)** The date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality; or
>      **(2)** The date when business is resumed at a new permanent location.

28.    Additionally, under the Policy, Defendants also promised to cover "Extended Business Income." This coverage requires Defendants to pay for loss of Business Income *beyond* the Period of Restoration under certain conditions.

29.    Specifically, Defendants promised to pay for the actual loss of Business Income during the period that begins on the date that the insured property is repaired, and ends either 60 days thereafter or on the date when operations are restored to the level which would generate business income at normal levels, whichever is earlier.

30.     In addition to promising to pay for loss of Business Income, under the Policy, Defendants also promised to pay for certain necessary "Extra Expense[s]."  Extra Expenses mean expenses that the policyholder incurs to, for example, minimize the suspension of business.

31.     The Policy also provides "Civil Authority" coverage.  Under this type of coverage, Defendants promised to pay for the loss of Business Income and Extra Expense that the Plaintiff sustained as a result of "action of civil authority that prohibits access to the described premises [Lokum Mediterranean Grill]."

> When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:
>
> (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and
>
> (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

32.     This Civil Authority provision is an independent basis for business interruption coverage.  That is, it can be triggered even when the standard business interruption coverage is not.

33.     Parts of the Policy, including the "Business Income (and Extra Expense) Coverage Form," are standardized forms drafted by the Insurance Services Office (ISO).  The ISO is a company that drafts standard policy language for use in insurance contracts.

34.     In 2006, the ISO drafted a new endorsement, CP 01 40 07 06, acknowledging that claims for business interruption losses would be filed under existing policy language for losses resulting from the presence of viruses and other disease-causing agents.  Endorsement CP 01 40 07 06, which other insurers have since incorporated in policies, provides that the insurer "will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."   Significantly, Defendants chose to not include this endorsement in Plaintiff's Policy.

35.     Plaintiff's Policy does not contain any exclusion which would apply to allow Defendants to deny coverage for losses caused by COVID-19 and related actions of civil authorities taken in response to COVID-19.

36.     Accordingly, because the Policy is an all-risk policy and does not specifically exclude the losses that Plaintiff has suffered, those losses are covered.

### *Plaintiff's covered losses*

37.     As of August 14, 2020, according to the Florida Department of Health, COVID-19 is present in all of Florida's 67 counties, with Miami-Dade County being the most affected county. As of August 14, Miami-Dade County, where Miami Beach is located, has had over 141,000 confirmed cases of COVID-19, and at least 1,954 deaths.

38.     The presence of COVID-19 and the public health emergency it has created have prompted actions by civil authorities throughout the United States ("Civil Authority Actions"), including but not limited to civil authorities with jurisdiction over Lokum Mediterranean Grill: the City of Miami Beach, Miami-Dade County, and the State of Florida.  These Civil Authority Actions have restricted and prohibited access to the insured property.

39.     On March 12, 2020, the City of Miami Beach declared a State of Emergency in response to COVID-19.  The city has repeatedly extended this the State of Emergency, with the most recent extension issued on August 12 and extending through August 19.

40.     On March 17, 2020, the Governor of Florida signed Executive Order 20-68 limiting all restaurants to 50% Capacity.

41.     On March 20, 2020, the Governor of Florida signed Executive Order 20-71 closing all commercial food/beverage establishments for on-site consumption, including but not limited to all restaurants in Miami-Dade County.

42.     On March 30, 2020, the Governor of Florida signed Executive Order 20-89, ordering Miami-Dade County, among other counties, "to restrict public access" to non-essential businesses.

43.     On May 15, 2020, the Miami-Dade County issued Executive Order 23-20, allowing restaurants to open for outdoor dining only.  This Order became effective May 18, 2020.

44.     On July 7, 2020, Miami-Dade County issued Executive Order 26-20, prohibiting restaurants from serving food and alcohol for on-site consumption between the hours of 10:00 p.m. and 6:00 a.m.

45.     On August 5, 2020, Miami-Dade County issued Amendment No. 3 to Executive Order 26-20, prohibiting more than four persons per table at restaurants and reaffirming that only outdoor dining is permitted.

46.     These and other Civil Authority Actions have required Lokum Mediterranean Grill to, at various times, restrict or forbid access to the restaurant, physically alter or restrict operations at the restaurant, and cease or restrict its functional use of the restaurant.

47. In Florida, violations of an executive order issued by the Governor pursuant to the State Emergency Management Act are second-degree misdemeanors punishable by imprisonment.

48. COVID-19, the public health emergency it has created, and the Civil Authority Actions have caused direct physical loss of and/or damage to the covered premises under the Policy by, among other things, damaging the property, denying access to the property, preventing customers from physically occupying the property, causing the property to be physically uninhabitable by customers, causing its function to be nearly eliminated or destroyed, and/or causing a suspension of business operations on the premises.

49. The Civil Authority Actions prohibiting public access to the covered premises and the surrounding area were issued in response to dangerous physical conditions and caused a suspension of business operations on the covered premises.

50. As a result of the presence of COVID-19, Fresh & Healthy Food has suffered a suspension of business operations, sustained losses of business income, and incurred extra expenses.

51. As a result of the Civil Authority Actions, Fresh & Healthy Food has suffered a suspension of business operations, sustained losses of business income, and incurred extra expenses.

52. These losses and expenses have continued through the date of filing of this action. Indeed, as of the date of filing, the restaurant remains at reduced occupancy, and subject to significant restrictions, alterations, and impairments of the restaurant's business operations.

53. These losses and expenses are not excluded from coverage under the Policy. And because the Policy is an all-risk policy, and Plaintiff has complied with its contractual obligations, Plaintiff is entitled to payment for these losses and expenses.

54.     Accordingly, Plaintiff provided notice of its losses and expenses to Defendants, consistent with the terms and procedures of the Policy.

55.     But contrary to the plain language of the Policy, and to Defendants' corresponding promises and contractual obligations, Defendants have refused to pay for Plaintiff's losses and expenses.

## CLASS ACTION ALLEGATIONS

56.     The class claims all derive directly from a single course of conduct by Defendants: their systematic and uniform refusal to pay insureds for losses suffered due to the COVID-19 pandemic and the related actions taken by civil authorities to suspend business operations.

57.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and/or 23(b)(3), as well as 23(c)(4), of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

58.     Plaintiff seeks to represent nationwide classes defined as:

a)      All persons and entities with Business Income coverage under a property insurance policy issued by any of the Defendants, which suffered a suspension of business due to COVID-19, and for which Defendants have denied a claim for the losses or have otherwise failed to acknowledge, accept as a covered loss, or pay for the covered losses  ("the Business Income Coverage Class").

b)      All persons and entities with Civil Authority coverage under a property insurance policy issued by any of the Defendants, which suffered loss of Business Income and/or Extra Expense caused by an action of a civil authority, and for which Defendants

11

have denied a claim for the losses or have otherwise failed to acknowledge, accept as a covered loss, or pay for the covered losses ("the Civil Authority Coverage Class").

c)  All persons and entities with Extra Expense coverage under a property insurance policy issued by any of the Defendants, which sought to avoid or minimize the suspension of business caused by COVID-19 and/or the actions of civil authorities in response to COVID-19, and for which Defendants have denied a claim for the expenses or have otherwise failed to acknowledge, accept as a covered expense, or pay for the covered expenses ("the Extra Expense Coverage Class").

59.  Excluded from each defined proposed Class are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; Class Counsel and their employees; and the judicial officers and Court staff assigned to this case and their immediate family members.

60.  Plaintiff reserves the right to modify, expand, or amend the definitions of the proposed Classes, as appropriate, during the course of this litigation.

61.  This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

**Numerosity and Ascertainability**

62.  This action satisfies the requirements of Fed. R. Civ. P. 23(a)(1).  The members of each proposed Class are so numerous that individual joinder of all Class members is impracticable. There are, at a minimum, thousands of members of each proposed Class, and these individuals and entities are spread out across the country.

63.  The identity of Class members is ascertainable, as the names and addresses of all Class members can be identified in Defendants' or their agents' books and records.  Class members

may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Predominance of Common Issues**

64.     This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) because this action involves common questions of law and fact which predominate over any questions affecting only individual Class members.  Defendants issued all-risk policies to all the members of each proposed Class in exchange for payment of premiums by the Class members. The questions of law and fact affecting all Class members include, without limitation, the following:

a)      Whether Plaintiff and the Class members suffered a covered loss under the common policies issued to members of the Class;

b)      Whether Defendants wrongfully denied all claims based on COVID-19;

c)      Whether Defendants' Business Income coverage applies to a suspension of business caused by COVID-19 and/or related actions of civil authorities taken in response to the presence or threat of COVID-19;

d)      Whether Defendants' Civil Authority coverage applies to a loss of Business Income caused by the orders of local, municipal, city, county, and/or state governmental entities requiring the suspension of business during the outbreak of COVID-19 in the United States;

e)      Whether Defendants' Extra Expense coverage applies to efforts to avoid or minimize a loss caused by COVID-19;

f)      Whether Defendants have breached their contracts of insurance through a uniform and blanket denial of all claims for business losses related to

COVID-19 and/or the related actions of civil authorities taken in response to the presence or threat of COVID-19;

g)    Whether Plaintiff and the Class members suffered damages as a result of Defendants' actions; and

h)    Whether Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees, interest, and costs.

## Typicality

65.    This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Plaintiff's claims are typical of the claims of the Class members and arise from the same course of conduct by Defendants.  Plaintiff and the other Class members are all similarly affected by Defendants' refusal to pay under their property insurance policies.  Plaintiff's claims are based upon the same legal theories as those of the other Class members.  Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendants engaged.  The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

## Adequacy of Representation

66.    This action satisfies the requirements of Fed. R. Civ. P. 23(a)(4) because Plaintiff will fairly and adequately represent and protect the interests of Class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex class action litigation.

67.    Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the financial resources to do so.  Neither Plaintiff nor its counsel has interests adverse to those of the Class members.

**Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests**

68.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(1).  Plaintiff seeks class-wide adjudication as to the interpretation and scope of Defendants' property insurance policies.  The prosecution of separate actions by individual members of the proposed Classes would create an imminent risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

**Final Injunctive and/or Corresponding Declaratory Relief with respect to the Class is Appropriate**

69.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive and/or corresponding declaratory relief with respect to the Class members.  The class claims all derive directly from Defendants' systematic and uniform refusal to pay insureds for losses suffered due to the COVID-19 pandemic and the related actions taken by civil authorities to suspend business operations.  Defendants' actions or refusal to act are grounded upon the same generally applicable legal theories.

**Superiority**

70.     This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The common questions of law and of fact regarding Defendants' conduct and the interpretation of the common language in their property insurance policies predominate over any questions affecting only individual Class members.

71.     Because the damages suffered by certain individual Class members may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for all individual Class members to redress the wrongs done to each of them

individually, such that many Class members would have no rational economic interest in individually controlling the prosecution of specific actions, and the burden imposed on the judicial system by individual litigation by even a small fraction of the Class would be enormous, making class adjudication the superior alternative under Fed. R. Civ. P. 23(b)(3)(A).

72.     The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each Class member than would piecemeal litigation.  Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives, under Fed. R. Civ. P. 23(b)(3)(D).

73.     Plaintiff is not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action.  Rule 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges.   The Court may, on motion of Plaintiff or on its own determination, certify nationwide, statewide and/or multistate classes for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law for class-wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT
**(On behalf of the Business Income Coverage Class)**

74.     Plaintiff re-adopts and re-alleges paragraphs 1 through 73 above.

75.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Coverage Class.

76.     Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

77.     Plaintiff's Policy, as well as the policies of other Business Income Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

78.     In the Policy, Defendants promised to pay for losses of business income sustained as a result of perils not excluded under the Policy.  Specifically, Defendants promised to pay for losses of business income sustained as a result of a suspension of business operations during the Period of Restoration.

79.     COVID-19 caused direct physical loss of and damage to Fresh & Healthy Food and other Class members' insured premises, resulting in suspensions of business operations at these premises.  These suspensions have caused Plaintiff and Class members to suffer losses of business income.

80.     These suspensions and losses triggered business income coverage under the Policy and other Class members' policies.

81.     Plaintiff and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

82.     Defendants, without justification, dispute that the Policy and other Class members' policies provide coverage for these losses.

83.     Plaintiff seeks a Declaratory Judgment that its Policy and other Class members' policies provide coverage for the losses of business income.

84.     An actual case or controversy exists regarding Plaintiff's and other Class members' rights and Defendants' obligations to reimburse Plaintiff and other Class members for the full amount of these losses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff requests that this Court enter a Declaratory Judgment declaring that the Policy and other Class members' policies provide coverage for Class members' losses of business income.

## COUNT II: BREACH OF CONTRACT
### (On behalf of the Business Income Coverage Class)

85.     Plaintiff re-adopts and re-alleges paragraphs 1 through 73 above.

86.     Plaintiff brings this Count individually and on behalf of the other members of the Business Income Coverage Class.

87.     Plaintiff's Policy, as well as the policies of other Business Income Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

88.     In the Policy, Defendants promised to pay for losses of business income sustained as a result of perils not excluded under the Policy.  Specifically, Defendants promised to pay for losses of business income sustained as a result of a suspension of business operations during the Period of Restoration.

89.     COVID-19 caused direct physical loss of and damage to Fresh & Healthy Food and other Class members' insured premises, resulting in suspensions of business operations at these premises.  These suspensions have caused Class members to suffer losses of business income.

90.     These suspensions and losses triggered business income coverage under the Policy and other Class members' policies.

91.     Plaintiff and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

92.     Defendants, without justification, have refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses.  Accordingly, Defendants are in breach of the Policy and other Class members' policies.

93.     As a result of Defendants' breaches of the Policy and other Class members' policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendants are liable.

WHEREFORE, Plaintiff, individually and on behalf of other Class members, seeks compensatory damages resulting from Defendants' breaches of the Policy and other Class Members' policies and seek all other relief deemed appropriate by this Court, including attorneys' fees and costs.

## COUNT III: DECLARATORY JUDGMENT
### (On behalf of the Extra Expense Coverage Class)

94.     Plaintiff re-adopts and re-alleges paragraphs 1 through 73 above.

95.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Coverage Class.

96.     Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

97.     Plaintiff's Policy, as well as the policies of other Extra Expense Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

98.     Specifically, Defendants promised to pay for Extra Expenses incurred by Plaintiff and other Class members during the Period of Restoration that the insureds would not have

incurred if there had been no loss or damage to the insured premises. These Extra Expenses include expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

99.     COVID-19 caused direct physical loss of and damage to Fresh & Healthy Food and other Class members' insured premises, resulting in suspensions of business operations at these premises. As a result, Plaintiff and other Class members have incurred Extra Expenses.

100.    These Expenses triggered Extra Expense coverage under the Policy and other Class members' policies.

101.    Plaintiff and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

102.    Defendants, without justification, dispute that the Policy and other Class members' policies provide coverage for these Extra Expenses.

103.    Plaintiff, individually and on behalf of the other members of the Extra Expense Coverage Class, seeks a Declaratory Judgment that its Policy, and those of other members of the Extra Expense Coverage Class, provides coverage for these Extra Expenses.

104.    An actual case or controversy exists regarding Class members' rights and Defendants' obligations under Class members' policies to reimburse Class members for these Extra Expenses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff requests that this Court enter a Declaratory Judgment declaring that the Policy and other Class members' policies provide coverage for Class members' Extra Expenses.

## COUNT IV: BREACH OF CONTRACT
### (On behalf of the Extra Expense Coverage Class)

105.    Plaintiff re-adopts and re-alleges paragraphs 1 through 73 above.

106.    Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Coverage Class.

107.    Plaintiff's Policy, as well as the policies of other Extra Expense Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

108.    Specifically, Defendants promised to pay for Extra Expenses incurred by Plaintiff and other Class members during the Period of Restoration that the insureds would not have incurred if there had been no loss or damage to the insured premises.  These Extra Expenses include expenses to avoid or minimize the suspension of business, continue operations, and to repair or replace property.

109.    COVID-19 caused direct physical loss of and damage to Fresh & Healthy Food and other Class members' insured premises, resulting in suspensions of business operations at these premises.  These suspensions have caused Class members to incur Extra Expenses.

110.    These Expenses triggered Extra Expense coverage under the Policy and other Class members' policies.

111.    Plaintiff and the other Class members have complied with all applicable provisions of the Policy, including payment of premiums.

112.    Defendants, without justification, have refused performance under the Policy and other Class members' policies by denying coverage for these Extra Expenses.  Accordingly, Defendants are in breach of the Policy and other Class members' policies.

113.    As a result of Defendants' breaches of the Policy and other Class members' policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendants are liable.

WHEREFORE, Plaintiff, individually and on behalf of other Class members, seeks compensatory damages resulting from Defendants' breaches of the Policy and other Class Members' policies and seek all other relief deemed appropriate by this Court, including attorneys' fees and costs.

## COUNT V: DECLARATORY JUDGMENT
### (On behalf of the Civil Authority Coverage Class)

114.    Plaintiff re-adopts and re-alleges paragraphs 1 through 73 above.

115.    Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Coverage Class.

116.    Under 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

117.    Plaintiff's Policy, as well as the policies of other Civil Authority Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the policies.

118.    In the Policy and other Class members' policies, Defendants promised to pay for losses of business income sustained and extra expenses incurred when, among other things, a Covered Cause of Loss causes damage to property near the insured premises, the civil authority prohibits access to property near the insured premises, and the civil authority action is taken in response to dangerous physical conditions.

119.    Plaintiff and other Class members have suffered losses and incurred expenses as a result of actions of civil authorities that prohibited access to insured premises under the Policy and Class members' policies.

120.    These losses satisfied all requirements to trigger Civil Authority coverage under the Policy and other Class members' policies.

121.    Plaintiff and the other Class members have complied with all applicable provisions of the Policy, including payment of premiums.

122.    Defendants, without justification, dispute that the Policy provides coverage for these losses.

123.    Plaintiff seeks a Declaratory Judgment that its Policy and other Class members' policies provide coverage for the losses that Class members have sustained and extra expenses they have incurred caused by actions of civil authorities.

124.    An actual case or controversy exists regarding Class members' rights and Defendants' obligations under Class members' policies to reimburse Class members for these losses and extra expenses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, Plaintiff, individually and on behalf of other Class members, requests that this Court enter a Declaratory Judgment declaring that the Policy provides Civil Authority coverage for the losses and extra expenses incurred by Plaintiff and the other Class members.

## COUNT VI: BREACH OF CONTRACT
### (On behalf of the Civil Authority Coverage Class)

125.    Plaintiff re-adopts and re-alleges paragraphs 1 through 73 above.

126.    Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Coverage Class.

127.    Plaintiff's Policy, as well as the policies of other Civil Authority Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses and expenses covered by the Policy.

128.    In the Policy and other Class members' policies, Defendants promised to pay for losses of business income sustained and extra expenses incurred when a Covered Cause of Loss causes damage to property near the insured premises, the civil authority prohibits access to

property near the insured premises, and the civil authority action is taken in response to dangerous physical conditions.

129.    Plaintiff and other Class members have suffered losses and incurred expenses as a result of actions of civil authorities that prohibited access to insured premises under the Policy and Class members' policies.

130.    These losses satisfied all requirements to trigger Civil Authority coverage under the Policy and other Class members' policies.

131.    Plaintiff and the other Class members have complied with all applicable provisions of the Policy, including payment of premiums.

132.    Defendants, without justification, have refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses.  Accordingly, Defendants are in breach of the Policy and other Class members' policies.

133.    As a result of Defendants' breaches of the Policy and other Class members' policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendants are liable.

WHEREFORE, Plaintiff seeks compensatory damages resulting from Defendants' breaches of the Policy and other Class members' policies. and seek all other relief deemed appropriate by this Court, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, as follows:

A.  Entering an order certifying the proposed nationwide Classes, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the classes;

B.  Entering declaratory judgments on Counts I, III, and V in favor of Plaintiff and the members of the Business Income Coverage Class, Civil Authority Coverage Class, and Extra Expense Coverage Class as follows:

   i.  Business Income, Civil Authority and Extra Expense losses and expenses incurred and sustained as a result of COVID-19 and related civil authority actions are insured and covered losses and expenses under Plaintiff's and Class members' policies; and

   ii.  Defendants are obligated to pay for the full amount of the Business Income, Civil Authority and Extra Expense losses and expenses sustained and incurred, and to be sustained and incurred, as a result of COVID-19 and related civil authority actions are insured and covered losses and expenses under Plaintiff and Class members' policies;

C.  Entering judgments on counts II, IV, and VI in favor of Plaintiff and the members of the Business Income Coverage Class, Civil Authority Coverage Class, and Extra Expense Coverage Class; and awarding damages for breach of contract in an amount to be determined at trial;

D.  An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

E.  An award of costs and attorneys' fees; and

F.  Such other or further relief as may be appropriate.

## DEMAND FOR JURY TRIAL

The undersigned hereby demands a trial by jury as to all issues so triable.


Dated: August 17, 2020

**PODHURST ORSECK, P.A.**

/s/ Steven C. Marks

Steven C. Marks (Fla. Bar. No. 516414)
Aaron S. Podhurst (Fla. Bar. No. 63606)
Lea P. Bucciero (Fla. Bar. No. 84763)
Matthew P. Weinshall (Fla. Bar. No. 84783)
Kristina M. Infante (Fla. Bar. No. 112557)
Pablo Rojas (Fla. Bar No. 1022427)

SunTrust International Center
One Southeast 3rd Ave, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
smarks@podhurst.com
apodhurst@podhurst.com
lbucciero@podhurst.com
mweinshall@podhurst.com
kinfante@podhurst.com
projas@podhurst.com

JS 44   (Rev. 06/17)   FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a)   PLAINTIFFS** 15 OZ FRESH & HEALTHY FOOD LLC, individually and on behalf of all others

**DEFENDANTS** UNDERWRITERS AT LLOYD'S LONDON KNOWN AS SYNDICATES AML 2001, WBC

**(b)**   County of Residence of First Listed Plaintiff   Miami-Dade County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Out of State
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:      IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Steven C. Marks, Esq., Podhurst Orseck P.A., One S.E. 3rd Avenue
Suite 2300, Miami, FL 33130 - Tel: 305-358-2800

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:   ☑ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

| **II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)* |
|---|---|---|

**II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☑ 2   U.S. Government
Defendant

☑ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*      and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **SOCIAL SECURITY** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | ☐ 861 HIA (1395ff) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI | |
| | | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | **IMMIGRATION** | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 462 Naturalization Application | | | |
| | ☐ 465 Other Immigration Actions | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

☑ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Re-filed *(See VI below)*   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district *(specify)*   ☐ 6  Multidistrict Litigation Transfer   ☐ 7  Appeal to District Judge from Magistrate Judgment   ☐ 8  Multidistrict Litigation – Direct File   ☐ 9  Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)**   *(See instructions):* a) Re-filed Case ☐ YES ☑ NO      b) Related Cases ☐ YES ☑ NO

JUDGE:                                              DOCKET NUMBER:

**VII.  CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Declaratory Judgment / Breach of Contract

LENGTH OF TRIAL via         days estimated (for both sides to try entire case)

**VIII.  REQUESTED IN COMPLAINT:**   ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $                CHECK YES only if demanded in complaint:

JURY DEMAND:   ☑ Yes   ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE           August 17, 2020           SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #              AMOUNT              IFP              JUDGE              MAG JUDGE

JS 44   (Rev. 06/17)  FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.     (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.     **Nature of Suit**.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.     **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI.     **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII.     **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VIII.     **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| 15 OZ FRESH & HEALTHY FOOD LLC,<br>Individually and on behalf of all others<br>similarly situated<hr>*Plaintiff(s)*<br>v.<br>UNDERWRITERS AT LLOYD'S LONDON KNOWN AS<br>SYNDICATES AML 2001, WBC 5886, MMX 2010 and SKD 1897<hr>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNDERWRITERS AT LLOYD'S LONDON KNOWN AS
SYNDICATES AML 2001, WBC 5886, MMX 2010 and SKD 1897
By Serving:
Lloyd's America, Inc.
280 Park Avenue - East Tower - 25th Floor, New York, NY 10017

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Steven C. Marks, Esq.
Podhurst Orseck, P.A.
One S.E. 3rd Avenue - Suite 2300
Miami, FL 33130

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

                                              _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*


                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc: