# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 09, 2022

FILED BY ___AP___ D.C.

Nov 9, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 21-10949-DD
Case Style: 15 OZ FRESH & HEALTHY FOODS LL v. Underwriters at Lloyd's London
District Court Docket No: 1:20-cv-23407-AHS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the
# United States Court of Appeals
For the Eleventh Circuit

---

No. 21-10949

---

15 OZ FRESH & HEALTHY FOODS LLC,

                                    Plaintiff-Appellant,

*versus*

UNDERWRITERS AT LLOYD'S LONDON KNOWN AS SYNDICATES AML 2001, WBC 5886, MMX 2010 AND SKD 1897,

                                    Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23407-AHS

---

Case 1:20-cv-23407-AHS Document 28 Entered on FLSD Docket 11/10/2022 Page 3 of 11
USCA11 Case: 21-10949 Date Filed: 11/09/2022 Page: 2 of 2

2 21-10949

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: October 11, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-10949

_____

15 OZ FRESH & HEALTHY FOODS LLC,

                                         Plaintiff-Appellant,

*versus*

UNDERWRITERS AT LLOYD'S LONDON KNOWN AS SYNDICATES AML 2001, WBC 5886, MMX 2010 AND SKD 1897,

                                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23407-AHS

Case 1:20-cv-23407-AHS   Document 28   Entered on FLSD Docket 11/10/2022   Page 5 of 11
USCA11 Case: 21-10949   Date Filed: 10/11/2022   Page: 2 of 6

2                    Opinion of the Court                    21-10949

_____

Before BRANCH, LUCK, Circuit Judges, and SANDS,* District Judge.

PER CURIAM:

15 Oz Fresh & Healthy Foods LLC ("15 Oz") appeals the district court's dismissal with prejudice of its six-count class-action complaint against Underwriters at Lloyd's London Known as Syndicates AML 2001, WBC 5886, MMX 2010, and SKD 1897 ("Underwriters"), concerning insurance coverage under Florida law for losses incurred by businesses as a result of the COVID-19 pandemic.[1] Because the parties are well aware of the facts, we will not restate them here. Instead, we start with 15 Oz's pending motion to amend its complaint to include additional allegations of the parties' citizenship for purposes of diversity jurisdiction. For the reasons below, we grant 15 Oz's motion to amend its complaint, find that subject matter jurisdiction exists, and affirm

_____

* Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] 15 Oz's complaint alleged that it sustained various COVID-19–related business losses that were covered by its insurance policy with Underwriters. Specifically, 15 Oz brought claims for a declaratory judgment and breach of contract on behalf of the business income class (counts one and two), a declaratory judgment and breach of contract on behalf of the extra expense coverage class (counts three and four), and a declaratory judgment and breach of contract on behalf of the civil authority coverage class (counts five and six).

21-10949               Opinion of the Court                    3

the district court's dismissal of 15 Oz's complaint for failure to state a claim upon which relief can be granted.

### I.      Motion to Amend

We are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). We must confirm that we have jurisdiction and that the district court did as well. *Id.* After examining 15 Oz's complaint, we issued a jurisdictional question asking whether the pleadings sufficiently alleged the citizenship of the parties so as to invoke diversity jurisdiction in the first instance. The parties jointly responded, and 15 Oz filed an uncontested motion to amend its complaint to cure the insufficient citizenship allegations. We carried the jurisdictional issue and pending motion to amend with the case.

In accordance with 28 U.S.C. § 1653 and our precedent, we GRANT 15 Oz's uncontested motion to amend its complaint. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) ("Because we suspect there may be diversity of citizenship, [appellant] is invited to file in this court . . . a motion for leave to amend the complaint to correct the deficient allegations of citizenship.").

### II.     Subject Matter Jurisdiction

4                      Opinion of the Court                   21-10949

We must now decide whether 15 Oz's amended complaint alleges sufficient information to establish diversity jurisdiction. We hold that it does.

In pertinent part, 15 Oz's complaint now alleges that (a) 15 Oz is a limited liability company organized to do business in Florida and (b) Lloyd's Syndicate AML 2001—one of the defendant-syndicates—is comprised of only one capital provider, MS Amlin Corporate Member Limited, which is incorporated under the laws of England and Wales and has its principal place of business in London, England.[2]  Because 15 Oz brought a class-action complaint, we analyze diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). We recognize that there is a

---

[2] The Lloyd's of London insurance market is unique. To start, "Lloyd's is not a company; it is a market somewhat analogous to the New York Stock Exchange." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1357 (2d Cir. 1993). Thus,

> Lloyd's itself does not insure any risk. Individual underwriters, known as 'Names' or 'members,' assume the risk of the insurance loss. Names can be people or corporations; they sign up for certain percentages of various risks across several policies.
>
> . . .
>
> Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy.

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010).

21-10949                Opinion of the Court                          5

complicated question at the intersection of CAFA and one of our precedents, *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), but we do not address that issue today because it is clear that diversity jurisdiction exists under any resolution.

In *Osting-Schwinn*, we held that Lloyd's syndicates "fall squarely within the class of *unincorporated associations* for which *the pleading of every member's citizenship is essential* to establishing diversity jurisdiction." 613 F.3d at 1088 (emphasis added). *Osting-Schwinn*, however, did not consider diversity jurisdiction in the class action context. CAFA controls class actions, and provides that "an *unincorporated association* shall be deemed to be a citizen of the State where *it* has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10) (emphasis added).

That is, the plain language of CAFA requires us to consider the principal place of business and state of incorporation of the association (syndicate) itself while *Osting-Schwinn* requires us to consider the citizenship of "every" underlying capital-contributing member. *Compare id.*, *with Osting-Schwinn*, 613 F.3d at 1088. Because Lloyd's Syndicate AML 2001 is a single-member syndicate, however, we need not resolve the conflict today. We conclude there is diversity jurisdiction under any resolution of the conflict in authority, so we proceed to the merits of 15 Oz's appeal.

### III.    District Court's Dismissal of 15 Oz's Complaint

Case 1:20-cv-23407-AHS   Document 28   Entered on FLSD Docket 11/10/2022   Page 9 of 11
USCA11 Case: 21-10949   Date Filed: 10/11/2022   Page: 6 of 6

6                          Opinion of the Court                          21-10949

We now affirm. Our precedent in *SA Palm Beach LLC v. Certain Underwriters at Lloyd's, London*—issued while the instant case was pending and after the parties submitted their briefs—squarely rejects 15 Oz's argument that Florida law extends insurance coverage to business losses and expenses related to the COVID-19 pandemic, and it forecloses further consideration of this issue. 32 F.4th 1347, 1359–63 (11th Cir. 2022) (predicting that the Florida Supreme Court would follow the "majority view" and conclude that business income, extra expense, and civil authority provisions, among others, would be inadequate to trigger coverage for losses and expenses incurred by businesses caused by COVID-19 in similar Lloyd's insurance policies under Florida law); *see also, e.g.*, *Commodore, Inc. v. Certain Underwriters at Lloyd's London*, 342 So. 3d 697, 698–705 (Fla. 3d DCA 2022) (confirming this prediction); *Suhaag Garden, Inc. v. Certain Underwriters at Lloyd's London*, No. 3D21-1803, -- So. 3d --, 2022 WL 3050339, at *1 (Fla. 3d DCA Aug. 3, 2022) (same). In *SA Palm Beach*, we held that losses stemming from the suspension of business operations and extra costs incurred because of COVID-19 were insufficient under Florida law to trigger insurance coverage because they lacked the requisite "tangible alteration of the insured properties." 32 F.4th at 1350. So too here.

**MOTION TO AMEND GRANTED.  AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

October 11, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-10949-DD  
Case Style: 15 OZ FRESH & HEALTHY FOODS LL v. Underwriters at Lloyd's London  
District Court Docket No: 1:20-cv-23407-AHS

Electronic Filing

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs